UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRI HOSELTON,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF ECOLOGY; "DOE(S) 1-100," Employees of WASHINGTON STATE DEPARTMENT OF ECOLOGY; and "CORPORATION(S) XYZ 1-100,"<br><br>Defendants. | Case No. C23-05779-RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Washington State Department of Ecology ("Department of Ecology")'s Motion to Dismiss under Rule 12(b)(6). Dkt #8. For the reasons stated below, the Court GRANTS the Motion and DISMISSES Plaintiff's claims with leave to amend.

## II.  BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts in the Complaint as true and will briefly summarize the relevant facts here.

Plaintiff started working for Defendant on or around February 16, 2012, as a Hydrogeologist 1 in the Freshwater Monitoring Unit. Dkt. #1, ¶ 11. On or around February 2,

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

2020, Plaintiff requested accommodation from Defendant for her medical conditions which include but are not limited to post-traumatic stress disorder, generalized anxiety, and major depressive disorder. *Id* at ¶ 12-14. Plaintiff started her Family and Medical Leave Act ("FMLA") leave on February 2, 2020, until it was scheduled to end on January 5, 2021. *Id* at ¶ 15.

On or around February 17, 2021, Plaintiff's provider indicated that she should continue a leave of absence with an expected return to work full-time date of July 1, 2021. *Id* at ¶ 14. Plaintiff's provider wanted her to start with part-time work until then. *Id*.

On April 16, 2021, Plaintiff was informed by Department of Ecology Sr. HR Consultant Rachael White ("HR White") that she would be required to take part in an Independent Medical Examination ("IME") as part of the reasonable accommodation process. *Id* at ¶ 19. On April 20, 2021, Plaintiff sent an email to HR White, requesting to have her therapist attend the IME appointment with her, and offering to cover the therapist's cost. *Id*. Plaintiff did not receive a response. *Id* at ¶ 20.

On April 30, 2021, Plaintiff followed up with HR White asking if she should return to work part-time after May 1, 2021, or if she should wait for the IME. *Id*. On May 6, 2021, HR White denied Plaintiff's request for a provider or representative to attend the IME appointment with her. *Id* at ¶ 21. On May 11, 2021, Plaintiff provided HR White with her provider's form outlining her work restrictions and Plaintiff resumed work part time on May 13, 2021. *Id* at ¶ 22-23.

On May 28, 2021, Defendant's doctor conducted the IME on Plaintiff. *Id* at ¶ 24. Plaintiff was not comfortable with the way in which the IME was conducted. *Id* at ¶ 25. In June 2021, Defendant denied Plaintiff's requested accommodations. *Id* at ¶ 26. On June 16, 2021, Plaintiff asked if Defendant needed additional forms for her reduced schedule and if there was any type of

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 2

leave that she could explore using. *Id* at ¶ 27-28. Defendant denied Plaintiff's request to use her annual or shared leave and denied Plaintiff's request for accommodation and leave. *Id* at ¶ 29.

On June 18, 2021, Plaintiff received Defendant's IME report, and emailed HR White stating she was disappointed that her intimate and personal details from the examination had been shared with HR. *Id* at ¶ 30. Plaintiff notified the Defendant that she disagreed with the examiner's conclusion and was continuing to request accommodation as well as a leave of absence. *Id* at ¶ 31. Plaintiff asked HR White if she could submit her provider's disagreement and recommendation, but she was told that no one would read it, and was instructed that she was required to return to work full time the next day. *Id* at ¶ 32.

Plaintiff followed up with HR White, asking to challenge the IME findings, and asking whether the IME results negate her previous return to work form. *Id* at ¶ 33. Defendant responded saying the IME report did not find that Plaintiff needed an accommodation to work, and she is to return to work full-time starting June 21, 2021. *Id* at ¶ 34. Plaintiff requested additional information regarding any accommodation or leave in order to work part-time instead of full. *Id* at ¶ 35. Plaintiff continued to voice her disagreement but was told, while there is no official way to contest results of an IME, she may voluntarily disability separate but it will show in the system as a resignation. *Id* at ¶ 36.

On June 21, 2021, Plaintiff emailed her resignation to Defendant. *Id* at ¶ 37. On that same day, Technical HR Consultant Carolee Ferrero ("HR Ferrero") emailed Plaintiff to inform her that her requested shared leave from May 2, 2021, through August 2, 2021, was denied because she did not meet the requirements needed for shared leave. *Id* at ¶ 38. Plaintiff requested a copy of the shared leave policy and HR Ferrero pointed to section 1(c) in the policy. *Id* at ¶ 39-30.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 3

On July 30, 2021, Plaintiff asked why she could not use her shared leave and was directed to speak with Labor Relations and Personnel Operations Manager Mollie Clinton ("Manager Clinton"). *Id* at 41. Plaintiff emailed Manager Clinton on August 10, 2021, to ask why she was unable to use the 100 hours of shared leave she had accrued. *Id* at ¶ 42. Plaintiff was told she was not eligible to use the shared leave that had been donated to her. *Id* at ¶ 43.

On or about April 5, 2022, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and filed an amended charge of discrimination with the EEOC on April 26, 2022. *Id* at ¶ 8. On or about May 31, 2023, the EEOC issued Plaintiff a Notice of Your Right to Sue letter against Defendant. *Id* at ¶ 9. On August 28, 2023, Plaintiff filed this suit alleging constructive discharge and violations of the Americans with Disabilities Act (ADA) and state law. *See generally* Dkt. #1.

Defendant has now filed a Rule 12(b)(6) Motion to Dismiss all claims arguing that the Plaintiff has failed to state a claim. Defendant argues that the Department of Ecology is properly characterized as an instrumentality and arm of the state under the Eleventh Amendment and is therefore immune to claims for damages in federal court absent waiver or an applicable valid congressional abrogation of that immunity. Dkt. #8.

### III.    DISCUSSION

A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

    **1. Eleventh Amendment**

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida* 517 U.S. 44, 116 S.Ct. 1114, 1131, 134 L.Ed.2d 252 (1996). Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman,* 465 U.S. 89, 101-102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The State of Washington has not waived sovereign immunity for damages claims under 42 U.S.C. § 1983. *See Rains v. State,* 100 Wn.2d 660, 667-68, 674 P.2d 165 (1983).

Plaintiff appears to sue the Washington State Department of Ecology. Dkt. #1.  However, the Department of Ecology is not an entity subject to suit in a § 1983 matter. The United States Supreme Court has made clear that neither a state nor its officials acting in their official capacities

are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). States and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Accordingly, Defendant's Motion to Dismiss will be granted as to Plaintiff's claims. The Court believes the appropriate defendant for this claim is the head of the department or agency in his or her official capacity. *See Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir.1986) (interpreting 42 U.S.C. § 2000e–16).

    **2. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) directs district courts to "freely give leave" to amend "when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Further, the Ninth Circuit has established a strong preference for resolving matters on their merits *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) ("*Mesle*"). A district court should therefore grant leave to amend even when, as here, no request to amend the pleading was made, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that the pleading can possibly be cured, and Plaintiff is advised that the amended complaint operates as a complete substitute for her original pleading. *See Ferdik v. Bonzelet,* 963 F.3d 1258, 1262 (9th Cir.1992). Thus, any amended complaint must clearly identify the defendants, the constitutional claim or claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 6

## IV. CONCLUSION

Having reviewed the Complaint and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motions to Dismiss (Dkt. #8) is GRANTED. Plaintiff's claims are DISMISSED with leave to amend. Plaintiff has thirty (30) days to file an amended complaint. If Plaintiff fails to do so, this case will be closed.

DATED this 7th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE