UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRI HOSELTON, | Case No. C23-5779RSM |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| WASHINGTON STATE DEPARTMENT OF ECOLOGY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Terri Hoselton's "Application for Court-Appointed Counsel," Dkt. #8. Plaintiff is proceeding *pro se*. Defendant Washington State Department of Ecology has appeared and moved for dismissal. Dkt. #8. That Motion was recently granted with leave to amend. Dkt. #9.

Ms. Hoselton alleges that she was employed by the Washington State Department of Ecology from 2012 until June of 2021. Dkt. #1. At the time of her separation Plaintiff was a Hydrogeologist I in the Freshwater Monitoring Unit. She alleges that she requested accommodation from her employer on February 2, 2020, related to her medical condition of Post Traumatic Stress Disorder ("PTSD"). She started taking FMLA leave on that day. Her FMLA leave was scheduled to end on January 5, 2021. She was required by her employer to

ORDER - 1

take part in an Independent Medical Examination ("IME") and eventually her requested accommodations were denied. Her attempts to take other forms of leave were denied. On June 21, 2021, based on the advice of human resources, she resigned her position via email. She alleges disability discrimination, failure to accommodate, and constructive discharge under the Washington Law Against Discrimination. She further alleges wrongful constructive discharge in violation of public policy, negligent supervision and hiring and failure to train, intentional infliction of emotional distress, negligent infliction of emotional distress, and parallel violations of the Americans with Disability Act ("ADA").

In most civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right," and should be allowed only "in exceptional circumstances." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). A different standard for evaluating the appointment of counsel applies in Title VII cases under 42 U.S.C. § 2000e-5. This states, in relevant part: "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e-5(f)(1). "Three factors are relevant to the trial court's determination of whether to appoint counsel [in a Title VII case]: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

The Court has not granted leave for Plaintiff to proceed in forma pauperis in this matter and has no information on her financial resources. She states she has "contacted 30 or more attorneys or law firms by email or using their online form" and "spoke with approx [sic] 7." Dkt. #6-1 at 1. She states that she is "still looking" for counsel. *Id*. Plaintiff has presented a coherent claim with citation to applicable law. She appears to have a good understanding of the

ORDER - 2

laws and facts that would be necessary to support her claims. The Complaint appears to demonstrate a capacity to proceed in this case *pro se*. It is possible that her continued efforts to obtain counsel will prove successful. The Court cannot conclude at this time that Plaintiff's claims have merit given the limited factual record. Given all of the above, the Court will deny the requested relief at this time.

Having considered the briefing from Plaintiff and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff's Motion to Appoint Counsel, Dkt. #8, is DENIED.

DATED this 16th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3